UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| WASHINGTON SQUARE | ) | |
|---|---|---|
| DEVELOPMENT, LCC | ) | |
| Plaintiff, | ) | No. 3:18-cv-124-PPS-MGG |
| | ) | |
| v. | ) | |
| | ) | |
| LED SOLAR DIRECT, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

This matter is before the Court on plaintiff Washington Square Development, LLC's motion for default judgment [DE 14.] Because defendant LED Solar Direct, LLC has failed to respond to the complaint or Washington Square's motion for default judgment and plaintiff has sufficiently proven the bulk of its damages, I will grant Washington Square's motion for default judgment.

**Background**

Washington Square filed this lawsuit against LED Solar on February 16, 2018. [DE 1.] Washington Square affected service on LED Solar in numerous ways. On March 28, 2018 and March 29, 2018, summonses and copies of the complaint were delivered to LED Solar's principals (Brett Halperin and Jason Cho, who are not named as defendants) via certified mail. [DE 14 at ¶ 2.] In addition, Washington Square completed service via the New Jersey Department of Treasury, as agent for LED Solar pursuant to New Jersey law, as LED Solar had failed to maintain a deliverable address for any registered agent. [*Id.* at ¶ 4.] Service

1

via the New Jersey Department of Treasury was completed on April 9, 2018. [*Id.* at ¶5-6.] Counsel for Washington Square further sent letters via email to LED Solar's principals and attempted to contact them via telephone, to no avail. [*Id.* at ¶¶ 8-13.]

LED Solar failed to appear, plead or otherwise defend the lawsuit as required by the Federal Rules of Civil Procedure. Accordingly, Washington Square moved for entry of default on May 30, 2018 [DE12], which the clerk entered on May 31, 2018. [DE 13.] After the clerk entered default under Rule 55(a), Washington Square filed its motion for default judgment on June 27, 2018. [DE 14.]

In its complaint, Washington Square alleges that LED Solar breached a contract by failing to perform and deliver lighting fixtures which were to be used as part of the renovation of a hotel in downtown South Bend, Indiana. [DE 1 ¶¶ 5-9.] Washington Square alleges that LED Solar's actions further constitute criminal conversion under Indiana law. Washington Square alleges that pursuant to the contract, it pre-payed for the light fixtures to the tune of $94,991.00. [*Id.* at ¶ 9[1].] LED Solar apparently failed to live up to its end of the bargain, missed deadlines, and in the end did not deliver the light fixtures per the contract. [*Id.* at ¶¶ 10-13.] Based upon Washington Square's investigation and correspondence, it appears that LED Solar was attempting to import counterfeit fixtures which were detained by U.S. Customs and consequently never delivered to Washington Square. [DE 14-9 at 42.]

---

[1] Washington Square's complaint lists the sum paid as "about $94,971.00" [DE 1 at ¶ 9] but in the motion for default judgment, states that since filing of the complaint it has conducted additional investigation and the exact number is $94,991.00. [DE 14 at 7,n.3.]

Washington Square requested a return of its money and sought alternative arrangements to secure the necessary lighting fixtures, but LED Solar did not return any of the money paid. [*Id.* at ¶ 13.] Indeed, rather than discuss the issue further, LED Solar seems to have ghosted Washington Square and stopped responding to all communications and inquiries. Washington Square filed three counts against LED Solar for (1) breach of contract; (2) conversion; and (3) unjust enrichment. [DE 1.]

In the pending motion, Washington Square asks the Court to order LED Solar to pay $305,928.55 which represents (1) $94,991.00 in direct damages, trebled pursuant to the Indiana conversion statute, Ind. Code § 35-43-4-3, representing money paid by Washington Square to LED Solar as pre-payment for the lighting fixtures; (2) $9,534.55 in consequential damages for additional payments made relating to shipping costs above and beyond the original contract price; and (3) $11,421.00 in attorney's fees relating to this litigation. [DE 14 at ¶ 37.] In support of its claim to damages, Washington Square submitted an declaration from Merkourios "Mike" Angeliades, the "Manager of the Company" of Washington Square, as well as communications with LED Solar regarding the transaction. [DE 14-6.] Washington Square also submitted a declaration and partially redacted billing records from its counsel, Alice J. Springer, regarding attorney's fees. [DE 14-5.]

## Discussion

Federal Rule of Civil Procedure 55 governs the entry of defaults and default judgments. *See Lowe v. McGraw-Hill Cos., Inc.*, 361 F.3d 335, 339 (7th Cir. 2004). Prior to obtaining a default judgment under Rule 55(b)(2), there must be an entry of default as

provided by Rule 55(a). *See Wolf Lake Terminals, Inc. v. Mut. Marine Ins. Co.,* 433 F. Supp. 2d 933, 941 (N.D. Ind. 2005). Under Rule 55(a), the clerk is to enter the default of a party against whom a judgment is sought when that party has failed to plead or otherwise defend. Fed. R. Civ. P. 55(a).

Because the clerk already entered a default, I may now enter a default judgment under Rule 55(b)(2), and it is within my discretion to do so. *See O'Brien v. R.J. O'Brien & Assocs., Inc.,* 998 F.2d 1394, 1398 (7th Cir. 1991). A default judgment establishes, as a matter of law, that the defendant is liable to the plaintiff for each cause of action in the complaint. *E360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007).

I am to consider a number of factors when deciding a motion for default judgment, including "whether there is a material issue of fact, whether the default is largely technical, whether the plaintiffs were substantially prejudiced, and how harsh an effect a default judgment might have." *Wolf Lake*, 433 F. Supp. 2d at 941; *see* Wright & Miller 10A FEDERAL PRAC. & PROC. § 2683 (3d ed.). All well-pleaded facts are taken as true for purposes of liability. *Cameron v. Myers*, 569 F. Supp. 2d 762, 764 (N.D. Ind. 2008).

In this case, the grounds for default are established and I will grant Washington Square's motion. This case has been pending since February 2018, but the defendant has not answered, entered an appearance through counsel, responded to Washington Square's motion for default judgment, or responded Washington Square's counsel's attempts to contact the principals of LED Solar. The default is thus not a simple technicality. No disputed material issues of fact have been presented due to LED Solar's failure to

4

participate in the lawsuit. Likewise, it seems clear that Washington Square made the contractually required payments and LED Solar failed to deliver the lighting fixtures in question (save for a de minimus quantity of fixtures, approximately 40 of more than 800 contracted for). Additionally, delay in judgment will prejudice Washington Square, as it paid LED Solar nearly $100,000 more than a year ago. Finally, while the amount at issue is substantial, LED Solar is presumably well-aware of the amount of money at stake, as it has wrongfully taken that amount of money from Washington Square and thus it cannot be said that the effect of the judgment will be unnecessarily harsh.

Having established liability, I must now determine the amount of damages to actually award to Washington Square. In the context of a default judgment, the amount of damages must be proven with facts beyond the allegations fo the complaint. *See Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (citing *United States v. DiMucci*, 879 F.2d 1488, 1497 (7th Cir. 1988)). Thus, upon considering a motion for default judgment, a court may need to hold a hearing to determine damages. *See Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983). But in cases where damages are capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits, such a hearing is unnecessary. *See O'Brien*, 998 F.2d at 1404 (citing *Dundee Cement Co.*, 722 F.2d at 1323); *E360 Insight*, 500 F.3d at 602.

Here, Washington Square offers Mr. Angeliades's declaration, as well copies of three separate wire transfer requests (all to LED Solar Direct LLC) and a check stub (also to LED Solar Direct LLC), totaling $94,991.00. [DE 14-7 and 14-8.] I am further satisfied that,

5

based upon the allegations of duplicity and intentional misconduct in the complaint, LED Solar's continued possession of Washington Square's funds amounts to conversion under Indiana law because it has continued without Washington Square's consent. *See Auto Liquidation Ctr., Inc. V. Chaca*, 47 N.E.3d 650, 655 (Ind. Ct. App. 2015); *Smeigh v. Johns Manville, Inc.*, 643 F.3d 554, 564 (7th Cir. 2011) (holding that knowing unauthorized possession of another's property is a required element of conversion under Indiana law).

Concerning the request for $9,534.55 in "consequential damages" for additional shipping costs beyond those of the original contract which was allegedly caused by LED Solar's failure to perform, Washington Square has failed to prove that amount. The only documentary proof offered for that payment is a demand letter from Washington Square's counsel to LED Solar threatening litigation and which mentions this dollar figure. [DE 14-10.] But there is no documentary evidence or declaration testimony which substantiates that such an amount was actually paid and thus these damages were not proven, as required under Seventh Circuit law. *See Yang*, 37 F.3d at 286.

As for the attorney's fees, Ms. Springer's declaration provides a sufficiently itemized log of of the time spent on each task for which the Plaintiff seeks fees, along with the associated attorney billing rates. [DE 14-5.] Therefore, Washington Square is entitled to recover $11,421.00 in attorney's fees.

**Conclusion**

For the foregoing reasons, plaintiff Washington Square Development, LLC's motion for default judgment [DE 14] is GRANTED. Defendant LED Solar Direct, LLC, is

ORDERED to pay Plaintiff Washington Square Development, LLC $284,973.00 in damages and $11,421.00 in attorney's fees.

SO ORDERED on August 2, 2018.

                                            /s/ Philip P. Simon
                                            PHILIP P. SIMON, JUDGE
                                            UNITED STATES DISTRICT COURT